**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

In re:                                                   Chapter 11

1524 CC RD LLC                                           Case No.  25-50402

                    Debtor.[1]

**APPLICATION TO RETAIN AND EMPLOY WOODS ROGERS PLC AS COUNSEL**
**FOR THE DEBTOR AND DEBTOR-IN-POSSESSION EFECTIVE AS**
**OF JULY 22, 2025 PURSUANT TO BANKRUPTCY CODE § 327(a)**

Auto Recyclers, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor")

hereby seeks entry of an order, the proposed form of which is attached hereto as **Exhibit A** (the

"Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"),

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Western District

of Virginia (the "Local Rules") authorizing the Debtor's retention and employment of Woods

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its federal Employer Identification Number is as follows:  1524 CC Rd LLC (1763).  The Debtor's principal place of business is located at 1524 Country Club Road, Harrisonburg, VA 22802.

Michael E. Hastings (Virginia Bar No. 36090)
Justin E. Simmons (Virginia Bar No. 77319)
WOODS ROGERS VANDEVENTER PLC
10 S. Jefferson Street, Suite 1800
Roanoke, Virginia  24011
T:  540.983.7568
F:  540.322.3417
e-mail: mhastings@woodsrogers.com
          jsimmons@woodsrogers.com

*Proposed Counsel for the Debtor and Debtor in Possession*

Rogers Vandeventer Black PLC ("WR") as counsel for the Debtor effective as of July 22, 2025 (the "Application").  In support of this Application, the Debtor relies on the *Affidavit of Michael E. Hastings in Support of Application to Retain and Employ Woods Rogers Vandeventer Black PLC, as Counsel for the Debtor and Debtor in Possession Effective as of July 22, 2025 Pursuant to Bankruptcy Code § 327(a)* (the "Hastings Affidavit"), attached hereto as **Exhibit B**.  In further support of this Application, the Debtor represents as follows:

## Jurisdiction

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Debtor consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief sought herein are sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## Background

4.      On July 14, 2025 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The voluntary petition was filed as an emergency filing by the Debtor's managing member, Dominique Kostelac, to stay the foreclosure of one of the Debtor's key assets.

5.      The Debtor is authorized to continue operating its business and managing its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      The Debtor is a Virginia limited liability company and is headquartered in Harrisonburg, Virginia and currently operates in the City of Harrisonburg.

7.      The Debtor commenced the Bankruptcy Case to reorganize under the Bankruptcy Code and preserve the value of the Debtor's assets for the benefit of all of the Debtor's stakeholders.

### Relief Requested

8.      By this Application, the Debtor seeks to employ and retain WR as its bankruptcy counsel with regard to the prosecution of the Bankruptcy Case and all related proceedings. Accordingly, the Debtor respectfully requests the entry of an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2 authorizing it to employ and retain WR as its bankruptcy counsel to perform the legal services necessary to complete this chapter 11 case, pursuant to the terms set forth in the Application and the Hastings Affidavit, effective as of the Petition Date.

9.      The Debtor seeks to retain WR as counsel because of WR's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. WR is familiar with the Debtor's business and affairs and legal isses which may arise in connection with the resolution of this chapter 11 case.

10.     Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to WR on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by WR.  The attorneys of WR expected to work on this case include:  (i) Hastings, whose current standard hourly rate is $695.00, will charge $625.00 per hour; and (ii) Justin Simmons, whose current standard hourly rate is $435.00, will charge $400.00 per hour.

11.     The hourly rates set forth above are set at a level designed to fairly compensate WR for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is WR's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by WR to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. WR will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to WR's other clients and consistent with the Court's Local Rules. WR believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12.     The professional services that WR will render to the Debtor include, but shall not be limited to, the following:

(a)     providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the distribution of property of the Debtor's estates pursuant to the Bankruptcy Code and applicable law;

(b)     preparing on behalf of the Debtor necessary applications, motions, answers, orders, reports, and other legal papers;

(c)     appearing in Court on behalf of the Debtor and in order to protect the interests of the Debtor before the Court; and

(d)      performing all other legal services for the Debtor that may be necessary and proper in these proceedings.

13.     To the best of the Debtor's knowledge, except as otherwise disclosed in the Hastings Affidavit, WR has not represented the Debtor, its creditors or any other parties in interest, or their respective attorneys, in any matter relating to these cases.

14.     To the best of the Debtor's knowledge, except as otherwise disclosed in the Hastings Affidavit, (i) WR does not hold or represent any interest adverse to the Debtor's estate, (ii) WR is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and (iii) WR's employment is necessary and in the best interests of the Debtor and its estate.

15.     WR has not received any payments from the Debtor.  WR was engaged after the Petition Date.

16.     The Debtor understands that WR hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

17.     The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, proposes to pay WR the hourly rates for services rendered that are in effect from time to time, as set forth in the Hastings Affidavit, and to reimburse WR according to its customary reimbursement policies, and submit that such rates are reasonable.

## **NOTICE**

18.     Notice of this Motion will be provided to: (i) the Office of the U.S. Trustee; and (ii) the Debtor's prepetition secured lenders and their counsel, if known, against the Debtor, and any

party that has filed a request for notice with the Court. The Debtor submits that, under the circumstances, no other or further notice of the Motion is required.

## NO PRIOR REQUEST

19.     No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, for the reasons set forth herein and in the Hastings Affidavit, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A,** granting the relief requested in the Application and such other and further relief as is just and proper.

Dated:  July 28, 2025
         Roanoke, Virginia

                            1524 CC RD LLC


                            By:___*Dominique Kostelac*_____
                                  Dominique Kostelac, Managing Member

**<u>Exhibit A</u>**
**<u>Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 1524 CC RD LLC, | ) | Case No. 25-50402 |
| | ) | |
| Debtor.[1] | ) | |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF WOODS**
**ROGERS VANDEVENTER BLACK PLC AS COUNSEL FOR THE DEBTOR**
**AND DEBTOR-IN-POSSESSION EFFECTIVE AS OF JULY 22, 2025**

This matter came before the Court upon the *Application to Retain and Employ Woods Rogers Vandeventer Black PLC as Counsel for the Debtor and Debtor-in-Possession Effective as of July 22, 2025 Pursuant to Bankruptcy Code § 327(a)* (the "Application"). The Application was filed by 1524 CC RD LLC, the above-captioned debtor and debtor in possession (the "Debtor"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case (the "Chapter 11

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its federal Employer Identification Number is as follows:  1524 CC Rd LLC (1763).  The Debtor's principal place of business is located at 1524 Country Club Road, Harrisonburg, VA 22802.

Case") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Upon due notice and no

objections having been filed, and it appearing that notice of the Application was appropriate under

the circumstances, and after due deliberation and cause appearing therefore; it is hereby

ORDERED, ADJUDGED and DECREED that:

1.    The Application is **GRANTED**.

2.    Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to

employ and retain Woods Rogers Vandeventer Black PLC as counsel for the Debtor in this Chapter

11 Case, effective as of July 22, 2026, on the terms set forth in the Application and the *Affidavit

of Michael E. Hastings in Support Of Application To Retain And Employ Woods Rogers

Vandeventer Black PLC as Counsel for the Debtor and Debtor In Possession Effective as of July

22, 2025 Pursuant To Bankruptcy Code § 327(A)* [Docket No. __].

3.    WR shall file applications and be compensated in accordance with sections 330 and

331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and such other procedures as

may be fixed by order of this Court.

*** END OF ORDER ***

WE ASK FOR THIS:


/s/ Michael E. Hastings
Michael E. Hastings (Virginia Bar No. 36090)
Justin E. Simmons (Virginia Bar No. 77319)
WOODS ROGERS VANDEVENTER BLACK PLC
10 S. Jefferson Street, Suite 1800
Roanoke, Virginia 24011
T:  540. 983.7568
F:  540.322.3417
e-mail: mhastings@woodsrogers.com
        jsimmons@woodsrogers.com

*Proposed Counsel for the Debtor and Debtor in Possession*

2

SEEN AND AGREED:

/s/_____

_____, Esq.
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
T:  540.857.2806
e-mail:

**Exhibit B**
**Hastings Affidavit**

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 1524 CC RD LLC, | ) | Case No. 25-50402 |
| | ) | |
| Debtor.[1] | ) | |

**AFFIDAVIT OF MICHAEL E. HASTINGS IN SUPPORT OF APPLICATION
TO RETAIN AND EMPLOY WOODS ROGERS VANDEVENTER BLACK PLC
AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE
AS OF JULY 22, 2025 PURSUANT TO BANKRUPTCY CODE § 327(A)**

MICHAEL E. HASTINGS, ESQUIRE, being duly sworn, deposes and says:

1.     I am a partner in the firm of Woods Rogers Vandeventer Black PLC ("WR") and have been duly admitted and in good standing to practice law in the Commonwealth of Virginia and the State of New York.  This Affidavit is submitted in support of the *Application to Retain and Employ Woods Rogers PLC as Counsel for the Debtor and Debtor in Possession Effective as of July 22, 2024 Pursuant to Bankruptcy Code § 327(a)* (the "Application"), which is being submitted concurrently herewith.

2.     Neither I, WR, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with 1524 CC RD LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), its creditors or any other parties in interest herein, or their respective attorneys.

3.     On or about July 22, 2025, the Debtor's managing member, Dominique Kostelac, met with undersigned counsel regarding the potential engagement of WR to represent the Debtor

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its federal Employer Identification Number is as follows:  1524 CC Rd LLC (1763).  The Debtor's principal place of business is located at 1524 Country Club Road, Harrisonburg, VA 22802.

in connection with the bankruptcy cases of the Debtor and the Debtor's affiliate, 1528 CC RR LLC ("1528"), after which I began to work on the terms of the engagement of WR, including the preparation of documentation to formalize the terms of the engagement, to provide WR with protection against unreimbursed work and expenses, and to draft pleadings necessary to represent the Debtor and 1528 in their bankruptcy cases.

4.      On July 28, 2025, WR and the Debtor entered into an engagement agreement detailing the terms and conditions of WR's proposed engagement by the Debtor in this bankruptcy case (the "Bankruptcy Engagement Agreement"). A true and accurate copy of the Engagement Agreement is attached hereto as **Exhibit 1** and incorporated herein by reference.

5.      WR has undertaken a full and thorough review of its computer database which contains the name of clients and other parties interested in particular matters. WR requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through WR's database and to enter into that database conflict information regarding new clients or new matters.  Thus, a review of WR's computer database should reveal any and all actual or potential conflicts of interest with respect to any given representation.

6.      To check and clear potential conflicts of interest in this case, WR researched its client database to determine whether it had any relationships with the Debtor, the officers and directors of the Debtor, and the creditors and other interested parties identified on **Exhibit 2** attached hereto (collectively, the "Interested Parties").

7.      To the extent that WR's research of its relationships with the Interested Parties indicated that WR represented or currently represents any of the Interested Parties in matters unrelated to these Chapter 11 cases, the identities of such entities are set forth below.

2

Notwithstanding the investigation completed by WR, if WR discovers additional information that requires disclosure, WR will file a supplemental disclosure with the Court as promptly as possible.

8.      Neither I, nor WR, nor any partner or associate thereof, as far as I have been able to ascertain, has any connection with the Debtor, its creditors, the United States Trustee, or any other Interested Party in this Chapter 11 case or their respective attorneys or accountants.

9.      WR is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that WR and its consultants:

        (a)     are not creditors, equity security holders or insiders of the Debtor;

        (b)     are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

        (c)     do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

10.     To the best of my knowledge, neither I, nor any partner or associate of WR, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Western District of Virginia.

11.     WR has not received any payments from the Debtor during the year prior to the Petition Date.

12.     WR is not holding a retainer. WR intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code and the Local Rules, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred

by WR.

13.     As a condition to accepting the engagement of the Debtor and 1528, WR required

Aquarryum LLC to guaranty the payment of the Debtor's and 1528's obligations to WR in the

event that the Debtor and/or 1528 are unable to pay the allowed professional fees and expenses

awarded to WR in the Debtor's and 1528's bankruptcy cases or otherwise.  Moreover, Aquarryum

LLC secured the guaranty by executing and delivering to WR a security agreement granting WR

a lien in and to all of its personal property assets.

14.     WR intends to apply for compensation for professional services rendered in

connection with this chapter 11 case, subject to approval of this Court and in compliance with

applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual,

necessary expenses and other charges incurred by WR.  I am the primary WR attorney presently

designated to represent the Debtor, and my current standard hourly rate is $695.00; however, WR

has agreed to discount my hourly rate to $625.00 for these cases.  I anticipate that the services of

one or more attorneys may be utilized in this chapter 11 case, including without limitation, Justin

Simmons, whose hourly rate is $435.00; however, WR has agreed to discount his hourly rate to

$400.00.

15.     The hourly rates set forth above are subject to periodic adjustments to reflect

economic and other conditions.

16.     The hourly rates set forth above are set at a level designed to fairly compensate

WR for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

It is WR's policy to charge its clients in all areas of practice for all other expenses incurred in

connection with the client's case. The expenses charged to clients include, among other things,

mail and express mail charges, special or hand delivery charges, document retrieval charges,

4

photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by WR to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. WR will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to WR's other clients. WR believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

17.     No promises have been received by WR or by any consultant thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. WR has no agreement with any other entity to share with such entity any compensation received by WR in connection with this chapter 11 case, except among the partners and associates of WR.

Under penalty of perjury, I declare that the foregoing is true and correct.

*/s/ Michael E. Hastings*
Michael E. Hastings (Virginia Bar No. 36090)
WOODS ROGERS VANDEVENTER BLACK PLC
10 S. Jefferson Street, Suite 1800
Roanoke, Virginia 24011
T:  540.983.7568
F:  540.322.3417
e-mail:mhastings@woodsrogers.com

*Proposed Counsel for the Debtor*
*and Debtor in Possession*

**EXHIBIT 1**
Engagement Agreement


(attached)



**Michael E. Hastings**
Principal
P (540) 983-7568 | F (540) 322-3417
michael.hastings@woodsrogers.com

Woods Rogers Vandeventer Black PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011

July 28, 2025

Mr. Dominique Kostelac, Manager
1524 CC Rd LLC
1785 Frays Mill Road
Ruckersville, VA  22968

**Re:      Engagement of Woods Rogers PLC as Counsel**

Dear Mr. Kostelac:

This letter shall serve as the agreement between Woods Rogers Vandeventer Black PLC ("<u>WR</u>") and 1524 CC Road LLC (the "<u>Company</u>") concerning the terms and conditions under which WR will undertake to represent the Company in connection with Company's Chapter 11 bankruptcy case, described in more detail herein.

1.      <u>Nature of the Engagement</u>: The Company is engaging WR to provide legal services. WR does not provide accounting services, valuation services, financial services, investment banking services, or brokerage services.  The Company has agreed to retain WR on the terms and conditions contained herein.

2.      <u>Scope of Services to be Provided and Primary Attorney</u>:  The services to be provided by WR to the Company will include, without limitation, the representation of the Company in a Chapter 11 Bankruptcy Case (the "<u>Case</u>"), filed on July 14, 2025, in the United States Bankruptcy Court for the Western District of Virginia (the "<u>Bankruptcy Court</u>").  I will be the primary WR attorney responsible for this representation and the contact person for the engagement; however, I may delegate to other attorneys certain of the work where it may provide efficiencies to the Company, where the expertise of another WR lawyer would be better suited for the required work, or in instances where I am unavailable.

3.      <u>Other Representations and Conflicts</u>: <u>Other Representations and Conflicts</u>:  WR has conducted a computer search to determine whether there are any conflicts of interest, and it has found no existing representations that create a conflict of interest.  Our policy, applicable ethics rules, and the requirements of applicable bankruptcy law require us to disclose in writing any potential or perceived conflict of interest to provide our clients with full disclosure so that they can decline to engage WR if they determine that any existing client relationship creates a conflict of interest. Moreover, this engagement agreement is subject to approval of the representation by the Bankruptcy Court.  If, during the engagement, WR learns of any conflict of interest or potential conflict of interest, it will inform the Company and the Bankruptcy Court immediately.



Mr. Dominique Kostelac, Managing Member
July 28, 2025
Page 2 of 4


4.      Fees and Expenses:  When establishing fees for the services we render, we are guided primarily by the time and labor required, although we also consider other factors, such as the novelty and difficulty of the legal issues involved, the legal skill required to perform the particular assignment, the fee customarily charged by comparable firms for similar legal services, the amount of money involved or at risk and the results obtained, the time constraints imposed by either the Company or the circumstances, and any unforeseen circumstances arising in the course of our representation.  We invite our clients to discuss freely with us any questions they have concerning a fee charged for any matter.  We want our clients to be satisfied with both the quality of our services and the reasonableness of the fees that we charge for those services. We will attempt to provide as much billing information as the Company requires in the form desired.

My standard hourly rate is $695 per hour; however, I have agreed to discount my hourly rate to $625.00 per hour for work performed for the Company, and other WR attorneys and paraprofessionals, if utilized, will charge hourly rates that are equal to or lower than my rate, depending upon the level of expertise of such other attorney or paraprofessional. In addition to legal fees, our invoices include any out-of-pocket expenses we have advanced on behalf of the Company. These advanced costs generally include such items as travel expenses, long distance telephone tolls, messenger and delivery services, the costs of terminal time for computer research, postage, fees for filing, recording, certification, and registration charged by governmental bodies, and the cost of photocopying materials sent to the Company or third parties or required for our use.

WR is required to apply for and obtain approval of the Bankruptcy Court before the Company can pay any legal fees and expenses for work performed in the Case.

5.      Retainer.  WR has waived its ordinary requirement of the payment of a retainer for work to be performed for the Company in the Case, subject to the WR and the Bankruptcy Court approving alternative forms of assurances that WR will be paid for its services rendered, including without limitation the unlimited guaranty of WR's allowed fees and expenses by Aquarryum, LLC (the "Guarantor") and the grant of a lien in and to all of Guarantor's assets.

6.      Professional Ethics/Confidentiality:  As a matter of professional responsibility, we are required to preserve the confidences and secrets of our clients.  This professional obligation and the legal privilege for attorney-client communications exist to encourage candid and complete communication between the Company and the lawyer.  In order for us to maximize the benefit of our services for a Company we must be aware of all information that might be relevant to our representation.  Consequently, we trust that our attorney-client relationship with the Company will be based on mutual confidence and unrestrained communication that will facilitate our proper representation.  The confidentiality of our discussions is, however, not without

Mr. Dominique Kostelac, Managing Member
July 28, 2025
Page 3 of 4

exceptions. For example, if the Company discloses our advice or work product to third parties, it may waive the attorney-client privilege of those materials.  Additionally, like most businesses, our firm customarily arranges for financing with one or more lending institutions.  Our lenders may require us to collateralize our obligations with our accounts receivable or otherwise require disclosure of financial arrangements with our clients.  Thus, the fact of our attorney-client relationship, but not the details of the representation, may be disclosed to our lenders.

7.    <u>Termination of Services</u>:  If our invoices are not paid promptly, we reserve the right to terminate the representation.  Generally, any payments made are applied first to the oldest outstanding invoice.  In the unlikely event that collection activities are necessary, the Company agrees that we are entitled to reasonable attorneys' fees and court costs in connection with such collection activities.

The Company has the right at any time to terminate our services and representation upon written notice to WR.  We reserve the right to seek, if applicable, court approval to withdraw from our representation in accordance with applicable rules of professional conduct if, among other things, the Company fails to honor the terms of this engagement letter, fails to cooperate or follow our advice on a material matter, or any fact or circumstance would, in our view, render our continuing representation unlawful or unethical.  We will be entitled to be paid for all services rendered and costs and expenses paid or incurred on the Company's behalf to the date of termination or withdrawal, as well as for services rendered and costs and expenses paid or incurred in connection with acquainting any new counsel with the matter and making copies of documents for the Company, any new counsel and WR.

Please acknowledge the Company's receipt of this letter and agreement to the terms of our engagement letter set forth herein by signing below and returning a copy to my attention.  Please do not hesitate to contact me with any questions.

Please let me know if you have any questions concerning this settlement proposal. I look forward to hearing from you.

Very truly yours,

Michael E. Hastings
Principal



Mr. Dominique Kostelac, Managing Member
July 28, 2025
Page 4 of 4

Receipt Acknowledged and Agreed to:

1524 CC Rd LLC, a Virginia LLC

By:_____
    Dominique Kostelac, Managing Member

4

**EXHIBIT 2**
Interested Parties

1524 CC RD LLC
1528 CC RD LLC
Roosevelt Road Holdings LLC
Exchangers LTD
Fulcrum Development LLC
Butch "Joseph" Page
John James
Taze Browder
Dominique Kostelac
Joe Page